FILED

OCT 28 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER PAUL CAMBRON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 10 1831 |
| ) | |
| PRESIDENT OBAMA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The court will grant the application, and dismiss the complaint.

The court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff alleges that his non-profit agency "has advised the White House successfully, with 100% accuracy, on national security issues" since the Clinton administration, Compl. at 2,

1



but the Obama administration apparently has refused plaintiff's assistance. He accuses the Obama administration of having knowledge of "increased seizmic [sic] activity before the disaster in the [West] Virginia mine, . . . knowledge of dangers to all underground activity before the Gulf disaster," as well as knowledge of dangers resulting in the gas explosion in San Bruno, California, doing nothing to prevent harm, therefore making the President "responsible for the Americans that died in these []tragedies." *Id.* at 4. Plaintiff demands "$500,000 for punitive and compensatory damages." *Id.* at 5.

The court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Having reviewed plaintiff's complaint, the court concludes that its factual contentions are baseless and wholly incredible. For this reason, the complaint is frivolous and must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i). An Order consistent with this Memorandum Opinion is issued separately.

/s/
United States District Judge

DATE:
10/25/10